## Myrtie S. Bennett v. George T. Giles, et al.

### Gen. No. 10,859.

1. SPECIFIC PERFORMANCE—*what relief should be granted.* The court in granting specific performance of a particular contract must enforce it, if at all, according to its terms, and not make for the parties a new contract.

2. CONTRACT—*construction of.* In the construction of a contract which is in form partly written and partly printed, that part which is written controls over that which is printed.

Bill for accounting and specific performance. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed December 18, 1903.

Bennett v. Giles.

Alanson C. Noble, for appellant.

W. P. Black, for appellees.

**Statement by the Court.** Upon a bill filed by appellees to redeem and for an accounting or for a specific performance of the option contract hereinafter set forth, which bill was amended at the hearing by striking out the accounting and redeeming features, the court awarded a decree for specific performance.

Sarah J. Giles, one of appellees, being the owner of the premises, 418 Warren avenue, Chicago, on December 15, 1897, mortgaged the same to the Chicago Title and Trust Company to secure an indebtedness of $2,000. John C. Bennett, as owner of the mortgage, having filed a bill to foreclose it, the same was adjusted by Mrs. Giles conveying the premises to appellant, the wife of John C. Bennett, by a warranty deed reciting a consideration of $2,850. The outstanding indebtedness was cancelled, and a contract or option of repurchase signed by appellant and dated October 1, 1899, was delivered to Mrs. Giles. The contract gives " to the said Sarah J. Giles, her heirs or assigns, the privilege of purchasing on or before October 1, 1900," the premises in question, " at and for the price of twenty-eight hundred and fifty dollars, to be paid as follows, viz.: No dollars in cash and the sum of twenty-eight hundred and fifty dollars, cash, on or before October 1, A. D. 1900, or the difference between the twenty-eight hundred and fifty dollars and any incumbrance by trust deed and notes or otherwise, less than twenty-eight hundred and fifty dollars, placed on said property prior to the expiration of this option by me, which I have the right to do for a term not to exceed five years at a rate of interest not to exceed seven per cent per annum, payable semi-annually, to be secured by a mortgage or trust deed on said real estate, in form to be satisfactory to Myrtie S. Bennett; said cash payment to be made and delivered on or before the 1st day of October, A. D. 1900, to Myrtie S. Bennett. I also agree to furnish an abstract of title, showing good

title to said real estate, at the expense of the purchaser. In case the privilege of purchase hereby given is exercised, the price above named paid and secured, and the securities, accepted, as above provided, I agree to convey and assure the said real estate to said Sarah J. Giles, her heirs or assigns, by a good and sufficient warranty deed, reciting a consideration of $2,850, free and clear of all liens or incumbrances whatsoever, except as to taxes, assessments, or imposition levied, assessed or imposed upon said real estate, subsequent to this date, and if I shall pay any taxes or other charges against said property, the same shall be added to the above price, and shall draw seven per cent interest from date paid to the end of this option. This agreement may be recorded, but is deposited by the said Sarah J. Giles by mutual agreement, with Justin Dahl, and in case the privilege of purchase hereby given is not exercised, and the conditions hereof fully performed by said Sarah J. Giles, her heirs and assigns, and written notice of such exercise and performance given by Sarah J. Giles to said Myrtie S. Bennett on or before the 1st day of September, A. D. 1900, said privilege shall thereupon wholly cease (but no liability to refund the money paid therefor, shall arise), said abstracts of title be returned in good order, and said Justin Dahl shall at once surrender this instrument to Myrtie S. Bennett for cancellation. During the existence of said privilege of purchase, this instrument shall be binding on my heirs, executors, administrators and assigns, who may exercise the rights herein reserved by me, and receive the surrender above mentioned. Time is the essence of this contract, and of all its conditions."

Under the right reserved in the contract appellant executed and delivered to the Chicago Title and Trust Company, as trustee, her trust deed dated October 1, 1899, and recorded October 20, 1899, to secure her promissory note of even date for $2,500, with interest at seven per cent per annum, due five years after date, which note is still unpaid and outstanding.

The bill sets up the foregoing facts and avers that the

time for exercising the option conferred by the contract had been extended beyond the period limited thereby, and that appellee Mrs. Giles, had repeatedly demanded from appellant a reconveyance of the premises, offering to pay her $2,850 and take a reconveyance free from the incumbrance placed thereon by appellant, or if said incumbrance could not be removed, then offering to pay the difference between $2,850 and the amount of the incumbrance and assume the incumbrance.

At the hearing it appeared that neither of appellees had any money of their own but that a daughter of Mrs. Giles proposed to furnish enough money to enable her parents to repurchase the property and that she wanted it conveyed clear of all incumbrances and would not take the equity for $350 subject to the $2,500 incumbrance. On the other hand appellant repeatedly offered to convey the equity upon the payment of $350. A decree was entered finding Mrs. Giles entitled under the contract to a conveyance of the premises free and clear of all incumbrances upon payment to appellant of $2,850, with interest at five per cent from October 1, 1900, and ordering Mrs. Giles to make such payment and appellant thereupon to make such conveyance "clear of all liens and incumbrance whatsoever." The decree contains various other provisions as to the course to be pursued in case appellant "shall be unable to convey to said Sarah J. Giles  *  *  *  a good title to said premises free and clear of all liens or incumbrances whatsoever."

MR. JUSTICE STEIN delivered the opinion of the court.

The controlling question is as to the construction of the contract and the meaning of the parties. From its language it is plain that they contemplated the placing of an incumbrance upon the premises by appellant during the year that Mrs. Giles had the option to repurchase them, and that if such incumbrance were placed, Mrs. Giles was to pay appellant, not $2,850, but the difference between that sum and the amount of the incumbrance. It is equally clear that the parties must have had in contemplation the placing of an incumbrance on the premises securing a debt

which would not mature until after the expiration of the option, and that in such case (which actually happened) it would be impossible for appellant without the consent of the holder of the indebtedness to convey the premises to Mrs. Giles clear of all incumbrances, according to the literal reading of the contract. When appellees conveyed to appellant, they (taking their counsel's figures) owed her husband nearly $2,500, although the latter made the amount somewhat larger. Whichever may have been correct, the property—conveyed as it was (as the record now stands) in extinction of the indebtedness—represented to appellant, who took the title for her husband, a value of at least $2,500. If the trial court's construction of the contract be correct, then appellant, having in pursuance of its provisions placed upon the property an incumbrance of $2,500, was bound to pay off the same in order to give Mrs. Giles a clear title; and yet in that case Mrs. Giles, under the letter of the contract, needed only to pay appellant $350, the difference between $2,850 and the incumbrance, thus entailing a loss to appellant's husband of $2,500. Indeed, if appellant had incumbered the property for $2,850, as the contract gave her a right to do, she would have been obliged to convey to Mrs. Giles without receiving from her anything whatsoever. A construction leading to such results does violence to the manifest intent of the parties and is unreasonable. True, the court by its decree required Mrs. Giles to pay appellant $2,850 before she would become entitled to a conveyance; but in doing this the court made a contract for the parties other than that which they had made themselves. An incumbrance had been placed upon the premises and in such case the contract distinctly provided that Mrs. Giles should pay the difference between it and $2,850. Appellant should not have been ordered to convey free and clear from all liens and incumbrances, but to convey subject to the incumbrance upon the payment to her of said difference.

Whether appellees now concur in the learned chancellor's construction of the contract cannot be determined. Their

counsel does not discuss or even mention the subject in his brief.

Our views are fortified by the fact disclosed by an inspection and examination of the original instrument, that the provision of the contract " in case the privilege of purchase hereby given is exercised, the price above named paid and secured and the securities accepted as above provided, I agree to convey and assure the said real estate to said (Sarah J. Giles, her) heirs or assigns by a good and sufficient warranty deed, reciting a consideration of ($2,850) free and clear from all liens or incumbrances whatsoever," is printed, whereas the part relating to the payment of $2,850, or the difference between it and any incumbrance, etc., is typewritten.   Apparently the parties paid so little attention to the printed provision that they did not even strike out of it the words "and secured and the securities accepted," which are wholly meaningless, as no securities were to be given by the purchaser.   She was to pay in cash.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*